The panel wants to thank you for taking this case under the Criminal Justice Act. We really appreciate it. Thank you, Judge. May it please the Court, my name is Matthew Radefeld and I am the appointed counsel for the appellant in this matter, Ray Bassett. The first two points in Mr. Bassett's brief pertain to the same primary issue of whether or not there was substantial evidence presented by the government to wit a reasonable-minded jury could have found whom I will refer to as Ray, since there were several Bassetts in this case. Guilty beyond a reasonable doubt of conspiring with another person to commit a bank robbery through the use of force or intimidation. Now, although the remedies requested by Ray in his appeal state that it is an abuse of discretion standard, but when the Court is having to review the sufficiency of the evidence, that review is to be reviewed de novo. There does not seem to be any dispute from the parties here that Ray could not have conspired with Otis or Anthony McAllister, two of the other co-defendants in this case, as they were not charged with conspiracy, and their purpose in this whole ordeal was to get Otis a sentence reduction. Then you have Willie Bassett, who was found not guilty of all counts, including participation in a conspiracy with Ray to commit a bank robbery through the use of force or intimidation. So then, there have been no other players introduced in this matter that the jury heard about at trial. None. But Ray does concede that the superseding indictment does in fact charge that Ray conspired with others known and unknown to the grand jury. However, Ray's concession does not include the fact that Ray conspired with anyone. And just because the government utilized the word unknown as to the identity of a conspirator does not alleviate their duty to prove beyond a reasonable doubt that Ray had an actual agreement with another person that they were going to rob a bank through the use of force or intimidation. Having that language... What about Willie? I'm sorry, Judge? What about Willie? Willie, Judge, was acquitted on the conspiracy count. But what rule of law says that means that we can't consider that Willie was a co-conspirator? Well, Your Honor... There could be an inconsistent verdict, but the jury might have nullified as to Willie. They might have said, well, Willie's guilty, but we're going to let him off because he's the little brother and under the influence of the big brother or something to that effect. Aren't there cases that say that the government can still rely on the acquitted co-conspirator for sufficiency purposes? Well, Judge, in regard to inconsistent verdicts, and I think that's the Powell case, the Supreme Court talked about the rule of lenity in regard to what the jury's determination was at that time. However, in all the cases that are cited in those regards, it's never been as clear cut as it is here. When the situation in the other cases dealt with various other charges that a person could potentially still be found guilty of, and that's more or less where there was an inconsistency. And those other cases, in fact, Your Honor, had specific references to unknown co-conspirators. And a lot of them are drug dealing cases, Your Honor, where there are other people who may have sold the drugs for them. But there's never been an issue where I can find where you actually have an act such as this, where there is no other co-conspirator that has been not only introduced, but acquitted as well. Well, what about Willie? He cooked it all up. I'm sorry, Your Honor. It was actually Otis who cooked it all up. That's why I was trying to, because there's McAllister's and there's Bassett's, and so that's why I wanted to use first names. But Otis was the individual who was in prison that was trying to get the sentence reduction. And I know the government did not like it when I talked about in trial how I found this to be a very interesting case, because of the fact you are dealing with a fake bank robbery, fake bank tellers. So everything that occurred in this case is in the imagination of Otis McAllister. Now, in regard to the judge's question, with the other potential co-conspirators, when we're talking about unknown co-conspirators, which the government talked about in their brief, that as stated in U.S. v. Kimmon's, mere association or being acquaintance with another person is not enough to prove a conspiracy. U.S. v. Lenach, simple knowledge or approval or acquiescence in the object or purpose of a conspiracy without an intention and agreement to accomplish a specific illegal objective is not sufficient. So if you were to compare this to United States v. Escobar, where there was nothing presented at trial that said that Ray must have conspired with another individual in order for this illegal act to finally be accomplished. And I think here, because of the fact that there is no other evidence or any other mention of any sort of unknown co-conspirator, that there has been no substantial evidence presented that Ray had conspired with another person, known or unknown, co-conspirator here. When your argument again about Willie is that the acquittal makes it, how do you get around Powell and the cases that apply Powell? You just say there's never been a case that's as stark as this one? I agree, Judge. I don't think in this particular instance. What's the point of the rule then? If the rule only applies when there are other conspirators who are not acquitted, then it's not a rule. Well, Judge, I think you have to look at what the inconsistent verdicts were in those particular cases. That there were other crimes, other acts that were involved that went into that person being found guilty as well. But I don't think it's as clear cut as you have one conspiracy charge and you have another co-conspirator that was acquitted. Then you get into the unknown co-conspirator aspect. I'm granting you for sake of argument that there is no other conspirator. But Powell and the cases that apply Powell to the conspiracy situation, I thought said that the inconsistent verdict is not a basis, as long as there was sufficient evidence to find that he conspired with Willie. But Judge, I think that is a term dicta in the case. But then you also have to look at the factors that make up that particular decision. There have been numerous other cases. Even the Eighth Circuit has found cases where if there is no evidence that an agreement had been made between these individuals, then there can be no conspiracy. And now in regard to Willie, then you're going to be falling into the whole aspect of, well, was it just simply the jury, the rule of lenity applying and they felt sorry for Willie. And again, the jury felt as if there was not enough evidence to convict Willie, period. So therefore, Ray cannot conspire with himself. The inconsistent verdict part of that that came from Powell, Your Honor, I believe has different factors to it than the facts presented in this case because of the underlying other charges, the underlying other issues. So while I think the notion of that concept is there, it just doesn't apply in this particular issue. Now, again, simply put, the answer to the primary issues that we're dealing with here in regard to Ray boils down to the evidence in itself. And so we already know from the charges in the government superseding indictment and the verdict of the jury that Ray did not conspire with any known co-conspirators. And as Judge already said, he'll give me that there is no unknown co-conspirators, so I'll move on from there. Do you know what his IQ is? Pardon me? Do you know what his IQ is? We did not have that tested, Judge. Unfortunately, I was appointed. There was original counsel on the case, and when I got on the case, it was, hey, you're going to trial. So we didn't have that. But when you look at the transcripts, when you hear the tapes that were presented at trial, there was a lot of unintelligible comments that were made. It's reflected in the record, a lot of yeah, yeah, yeah, just a lot of slang terms. I think through the sentencing phase, we learned the educational lack thereof background of Ray. Talking to him as his attorney, my personal opinion is that his IQ was pretty low, but it was never tested, Your Honor. Ray spoke with law enforcement after his arrest, right? That is correct, Your Honor. In talking, and he spoke about this planned bank robbery? Correct. Did he mention Willie in that statement? Did he mention him by name? And, Your Honor, that's my understanding. I don't believe, and I'm trying to remember, I don't think there was a tape recording of that particular statement, and I could be wrong, and I'm sure Mr. Stevens will correct me if I'm incorrect on that. So everything we got in regard from that statement was from what the agent wrote in his report. So my understanding is that, yes, Willie was named in that statement. By Ray. By Ray, yes, Judge. So any other questions in that regard before I move on to his last point in the appeal? Okay. Again, the last issue on the appeal here that Ray brought up pertained to the introduction of certain Rule 404B evidence, specifically a statement made by Ray Bassett that the judge has asked me about regarding a prior uncharged bank robbery from 11 years prior. Now, we are not arguing the remoteness in time in that regard. I think the case law is pretty clear that up to 18 years can be used. I think that's the latest one that I've seen. But there was no other reason to allow Ray's uncorroborated statement about this alleged incident but to unfairly prejudice the jury pool against him and to show Ray's propensity to commit criminal acts. The government has argued that this uncorroborated statement goes to Ray's intent as to why he possessed a gun. However, at trial, the agent testified that Ray told him why he possessed a gun. He admitted to the agent that he did, in fact, possess the gun. Now, this wasn't a situation where a defendant was testifying and then the evidence was then introduced at that time, where if it was a prior conviction, the government can only get into what the nature, the date, the place of each prior crime and what the resulting sentence would be. And so there is no reason why this situation should be any different. If the purpose of the introduction of the prior bad act was to get into Ray's intent to possess a firearm, then the government should not have been able to get into all of the other details of the statement, as they have never argued that modus operandi was an exception to the 404B argument, because dealing with modus operandi is a totally different standard and a different argument that can be made. So there was no denial that Ray had discussed the bank robbery with Otis, who had then told him to bring the gun for show. Now, the introduction of that evidence is not harmless error as stated by the government. Ray was acquitted of the attempt at count. Defense counsel told the jury in the opening as well as closing that Ray was guilty of count four, which is the possession of a firearm by a felon. This left count one, the conspiracy count, as well as count three, the possession of a firearm and furtherance of a violent crime, which relied on the conspiracy count as an essential element. Now, under these factors, we are arguing that it is not harmless error to have a prior, uncharged, uncorroborated bank robbery admitted into evidence without defendant even testifying. And for these reasons on this point, we are asking for this court to remand the matter back to the district court for a new trial with exclusion of this evidence. And the first two arguments I mentioned, I forgot to state the relief, which is we would ask that this matter be remanded back down to the trial court level with instructions. Thank you. Okay. Mr. Stevens. Yes. Good morning. May it please the court. Judge Murphy, members of the court, my name is Christian Stevens. I'm here on behalf of the United States of America. Judge Kelly, you raise an interesting issue with Ray Bassett's confession, his statement to Bill Myers on November 4th when they were arrested on the night of November 3rd and gave a statement on November 4th of 2011. Ray did, he gave essentially a full confession, including the prior 2,000 bank robbery plot conspiracy that he engaged in and the plan going forward on this one. And he did mention Willie's name quite a bit. Now, what's important here, though, is that at trial, Willie's name and the names of Otis McAllister and Anthony McAllister were redacted for brutal reasons. So the jury did not hear the name of Willie Bassett, which may, that's why it's an interesting issue that you raise. That may explain why the jury acquitted Willie but convicted Ray. In other words, Bruton worked the way it was supposed to, that Willie was not prejudiced by Ray's confession, which also implicated his co-conspirators. So that may be one explanation. But as Powell says and as Judge Colleton has raised, the Supreme Court said in Powell basically that we're not to get behind what the jury's reasons might have been for what appears to be an inconsistent verdict. Although I would point out in this case, I don't think this is necessarily an inconsistent verdict. And Judge Colleton, I would point out that Mr. Ratafeld seemed to suggest that in certain circumstances, as you indicated, the rule applies across the board. The rule is a rule. And Mr. Ratafeld seemed to indicate that in certain circumstances, we can sort of, based on the facts of the case or the circumstances of the case, get behind that rule. The Powell Court rejected exactly that suggestion. At page 477, the Supreme Court said, we also reject as imprudent and unworkable a rule that would allow criminal defendants to challenge inconsistent verdicts on the ground that in their case, the verdict was not the product of lenity but some error that worked against them. And so the Supreme Court prevents us from doing that in any event. But in this particular case, there's no reason to do that anyway. Mr. Ratafeld indicated that he didn't think there was a case as stark as this, as stark an application of the Powell Rule. I would submit that this Court's decision in the United States v. Morton is as stark an application of the Powell Rule as you can get. In Morton, which I cite in the brief, it's 412F3901. That's a 2005 case of this Court. It's actually the last case from this Court that I could find regarding this particular issue. But it clearly, basically the facts there were there was a charged crack cocaine conspiracy. Mr. Fuller and Mr. Morton strike that. Mr. Morton and his co-defendant, Mr. Hyatt, were charged in that and both went to trial together. Mr. Hyatt, the only co-defendant and only alleged co-conspirator in that case, was acquitted. And the Court indicated, relying on Powell, that the fact that the only, the facts make clear, the circumstances of that case make clear, that Mr. Hyatt is the only alleged co-conspirator. At page 904 of the Morton opinion, the Court states, Mr. Morton argues that under the so-called Rule of Conspiracy, the acquittal of his only alleged co-conspirator requires reversal of his conspiracy conviction. And, of course, the Court goes on to say that that rule, the so-called Rule of Consistency, did not survive Powell. But it's clear from the facts. What did you mean earlier when you said the verdicts in this case were not really inconsistent? Well, I don't think they're necessarily inconsistent. And the reason is, Judge, I think what we started with Judge Kelly, that Ray Bassett's statement to the jury referred to his conspiring with at least one other person. Now, that person wasn't identified in his statement, based in large part because it was redacted based on the Bruton Rule. So this jury, and any reasonable jury, would certainly have a basis to conclude that he conspired with some other person, Willie Bassett or someone else. As Willie Bassett's own lawyer argued in- Well, I understand Willie. I thought you were saying that there was sufficient evidence to find that he conspired with some third person. Well, according to his own statement, which was testified to by an FBI agent at trial, it was redacted so that Willie was not referred to specifically. And so the jury could conclude, based on a generic statement that Mr. Bassett, Ray Bassett, conspired with another person, that he did in fact conspire. That's my point. In other words, a reasonable jury could rely on that statement to find that he conspired with another person, whether that was Willie Bassett or some other person. You think they could rely on it to find that he conspired with someone other than Willie if there's no evidence of anybody else? I think they could rely on it to find that he conspired with someone. Well, but then it's an inconsistent verdict because Willie was acquitted. So then you're down to relying on Powell, which I understand. But I thought you were saying earlier that, no, the verdicts aren't inconsistent because he conspired with some third person. Well, there were also references. I'm sorry. Now you're saying, well, the confession could have been read to mean that he conspired with Willie. Right. But I think that's the point of Bruton is we allow in a statement of a defendant that implicates himself, but we don't allow it in for the purpose of implicating some other co-defendant who's at trial. It's just sort of disingenuous to say that we redacted Willie's name so that it just said he conspired with another person so the jury might have found that he conspired with John Doe. Is that really your position? No. All that matters is the jury found that he conspired with someone. Okay. And in his own confession, he said, essentially, I conspired with someone. Now the jury obviously wouldn't know whether that was Willie or not, but that's the point of Bruton. The point is that if he says, I conspired, the jury can hold that against him. If he says, I conspired with Willie, they can't hold that against Willie. But in any event, Judge, whether we can say that a reasonable jury could have found he conspired with some other third person or with only Willie, your point is a good one in that Powell says that it makes no difference. That's not my point, but that's a question that I was raising. Sure. Right. The reading of Powell. The point of Powell, which the court referred to, is that the fact that Mr. Ratafeld's only answer to whether or not Ray Bassett conspired with Willie Bassett is that Willie Bassett was acquitted. Powell and the cases that apply that, Morton and Fuller in this court, clearly say that the fact that Willie Bassett was acquitted has nothing to do with whether there was sufficient evidence to prove Ray Bassett guilty in this case of the bank robbery conspiracy. I would point out also, Judge, and again, I don't know that it matters all that much because we have Powell and we have Morton and Fuller, which clearly apply, but Ray Bassett and other evidence in the case also suggested that, for example, his sister rented the car with Willie Bassett in order for them to be able to come up to St. Louis. There were mentions of other individuals that may or may not have been co-conspirators. But in any event, even if Willie Bassett was the only co-conspirator, Powell tells us and Morton and Fuller tell us that the fact that he was acquitted makes no difference as to the sufficiency of the evidence as to Ray Bassett. And I think the evidence is clear from, number one, Ray Bassett's confession. Also, we played approximately two months' worth of audio tapes, prison telephone calls that were recorded of Otis McAllister, in which he talked repeatedly with Ray Bassett personally about renting a car to come to St. Louis to do the bank robbery, bringing a gun to St. Louis to do the bank robbery, getting with Willie and getting Willie into this and Ray and Willie coming to St. Louis. The fact that they were already in St. Louis and had cased the bank. Was there evidence of all of that? Yes, there was, Judge. These are things that Ray Bassett admitted to. This was also two months' worth of audio recordings from Otis McAllister's jail phone calls, in which Otis was talking directly to Ray Bassett on the phone. He was identified by an agent. And, in fact, Otis McAllister testified at trial. And so there were no brutal issues there. Otis McAllister was on the stand, testified at trial in his own defense, and essentially admitted all of those things, that he was on the phone with Ray Bassett, that he did his best to convince Ray Bassett and Willie Bassett to come to St. Louis to do this bank robbery, that they came to St. Louis, that they reported back to him, Ray in particular on the phone directly, telling Otis McAllister that they had cased the bank and that they were ready to go, that he had brought his gun to St. Louis. The evidence was simply overwhelming. Now, the evidence was overwhelming that Ray Bassett conspired with Willie Bassett. But I mentioned the brutal issue as one possible reason that the jury came down the way it did. Another potential reason is that the evidence regarding Ray Bassett with his confession, with the tapes, with Otis McAllister's trial testimony was overwhelming, that he was not only going to do this bank robbery, but that he was going to do it with another person. I mean, he talked about their specific roles, what their roles were going to be at the time of the bank robbery. He said that in his statement to the FBI. But beyond that, the brutal issue may be an explanation for what the jury did, but I think the overwhelming evidence regarding Ray is as well, because admittedly the evidence was not nearly as strong regarding Willie Bassett personally. He was on one jail phone call with Otis McAllister as opposed to the numerous that Ray Bassett was involved in. And we also had video of them in the car that was identified with them casing the bank, where it appeared to be Willie on the video, and I argued that. Now, the defense lawyer argued that it had to be someone else with Ray Bassett casing the bank. He argued that when Otis McAllister identified the voice of Willie Bassett as the person he talked to in that one telephone conversation, he may have been wrong, although Otis had testified that he'd known Willie Bassett his entire life. But there was no issue regarding that with Ray Bassett. I mean, the evidence was simply overwhelming, and I think maybe the jury, again, it's speculation, maybe one reason that Willie was acquitted on this is simply that the evidence was not even close regarding Willie as to what it was with Ray Bassett. If there are no questions regarding that, I'll move on to the 404B issue. Regarding that issue, I think it's important to note here, regarding the probative value of the evidence of Ray Bassett stating, admitting that he was involved in a very, very similar bank robbery back in 2000, was particularly, the probative value was particularly strong here, and the reason is, and I know it's not entirely dependent on the defense, but the defense in this case was essentially, as Mr. Rattefeld indicated earlier, that this was a fake bank robbery, that Otis McAllister dreamed this up and it was fake, and we heard that throughout the trial. This is fake, it was never going to happen, which, of course, suggests that Ray Bassett was never going to commit the bank robbery, that it was never going to happen. And so his intent regarding that particular bank robbery conspiracy, which we had charged, was particularly at issue here. Another issue was, another of the defenses was not just that it was a fake bank robbery, but that Mr. Bassett never intended to do this by force and violence or intimidation. And, of course, that all goes to his intent, it goes to his purpose in entering this conspiracy, and his admission regarding the 2000 bank robbery conspiracy, obviously, is very probative of his intent in this particular case. And so if it weren't already probative enough, I think the defense certainly raised the probative value of his admission to the 2000 bank robbery. There's also some discussion in the briefs about the similarity and a suggestion that maybe they're not all that similar. I don't know that I've seen 404B evidence that is so similar. I mean, it comes close. Mr. Rattefeld mentioned modus operandi. It comes pretty close to a modus operandi. What Ray Bassett admitted to the FBI was that back in 2000, he conspired with another person. They put on dark clothing to disguise themselves. They waited for a bank employee. They lay in wait near the bank parking lot for the bank employee to arrive in the morning before opening up the bank. They approached the bank employee. Ray Bassett flourished a gun at the bank employee, took the bank employee inside, and then bound up the bank employee and took the money. That's exactly what he conspired to do in this case, and I don't think they could be any more similar. I see that I'm just about out of time. I think that is essentially what I had hoped to be able to talk to the court about. If there are no other questions, then at this time I'll take a seat. The testimony about the 404B testimony, when did that come in during the trial? In what order? It came in after all of the evidence regarding we put in testimony regarding Otis McAllister initially contacting the government to say that he set up this bank robbery, essentially, and these two individuals that he is cousins with were coming from Memphis to do the bank robbery and were in town. We started with that, then we went through all the jail tapes and basically proved up our case. Near the end of the case, it was essentially chronological. After the arrest, we went into the arrests of Ray Bassett and Willie Bassett and Anthony McAllister at Anthony McAllister's house. Immediately after that arrest is when Ray Bassett gives the statement to the FBI. At that time, at the beginning of his statement, he admitted to the 2000 bank robbery, and so that was the order in which it came in. I would point out also that at that time, before we put on any evidence regarding Ray Bassett's statement, the court at that time read a 404B instruction, a limiting instruction, to the jury. Again, with the final instructions, the court read the same 404B instruction, and of course this court has made clear that was the forum instruction, and the court has made clear that that forum instruction mitigates any undue prejudice regarding 404B evidence. Any other questions? Thank you. Thank you. Okay, Mr. Redfield, you've got several minutes. Briefly, Judge. Less than two. Thank you very much. Okay, in regard to Powell, Powell initially talked about inconsistent verdicts on the same indictment as to the same indictment, which are unobjectionable. However, through the language in that particular case, it said that to justify this decision, apply equally to a conviction of one defendant that is inconsistent with the verdict of acquittal of another defendant on the same count. But, again, I go back to my argument that that was the particular language in that case, and this case is different because if you have the evidence was not enough to convict Willie, and so therefore the government in their breezes are relying on this, okay, well, if it wasn't Willie, then it must have been some other unknown individual. But that's not the case. There is not substantial evidence to show that there was any other unknown co-conspirator involved here. So all these cases, even the Morton case is dealing with a drug case where you have other individuals who potentially could have well been involved in the conspiracy, and that's what our argument is dealing with here, that any other person that is alleged, any potential co-conspirator is just mere speculation. That's all I would argue on that. Any questions? All right. Thank you very much. Thank you. Appreciate it.